No. 14-35393

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MOTOROLA, INC., MOTOROLA MOBILITY, INC., and GENERAL INSTRUMENT CORPORATION,

*Defendants-Appellants,*

*v.*

MICROSOFT CORP.,

*Plaintiff-Appellee,*

*On Appeal from the United States District Court for the Western District of Washington in Case no. 2:10-cv-01823, Judge James L. Robart*

**MOTION FOR LEAVE TO FILE OF *AMICI CURIAE* NOKIA CORPORATION AND NOKIA USA INC.**

XAVIER M. BRANDWAJN
ALSTON AND BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Tel: (650) 838-2066
Fax: (650) 838-2001

*Attorney for Amici Curiae
Nokia Corporation and Nokia USA Inc.*

Nokia Corporation and Nokia USA Inc. ("Nokia") respectfully move this Court for leave to file the attached brief *amici curiae* in support of reversal of the district court's order to the extent that this order creates a methodology for the determination of a reasonable and non-discriminatory royalty rate in cases involving claims of infringement of standard-essential patents that applies to disputes outside the context of the present case.  Pursuant to Local Rule 29-3, Nokia sought the parties' consent prior to the filing of this motion.  Microsoft has consented to the filing of Nokia's motion.  Motorola has not responded to Nokia's request.

## STATEMENT OF INTEREST

*Amici* are Nokia Corporation and Nokia USA Inc. ("Nokia").  Through its extensive research and development efforts, Nokia has contributed to the development and success of a number of commercially viable standards —as evidenced by the thousands of globally granted patents, including fundamental standards-essential patents, awarded to Nokia.  Nokia was also one of the largest manufacturers of wireless telecommunications equipment in the world for many years, and Nokia has cumulatively invested over $64 billion in research and development relating to mobile communications technologies.

Additionally, Nokia is involved in many U.S. patent lawsuits, both as a protector of its patents and as a defender against claims of patent infringement and various royalty demands. For these reasons, Nokia understands the importance of applying balanced legal principles that adequately protect the value of important, standards-essential patents and the rights of innovators without unfairly intruding on the rights of others to participate in a standards-driven market. Nokia has participated as an *amicus* in other recent appeals, including on the issue of standards-essential patents. *E.g.*, *Apple Inc. v. Motorola, Inc.*, No. 2012-1548 (Fed. Cir. May 6, 2013) (Dkt. No. 183); *Ericsson, Inc. v. D-Link Sys., Inc.*, No. 2013-1625 (Fed. Cir. Feb. 27, 2014) (Dkt. No. 162).[1]

### DESIRABILITY OF AMICUS BRIEF

If the methodology used by the District Court to determine a RAND royalty rate for Motorola's patents is applied outside the facts of this case, it will have a negative effect on the entire standardization process. Standard-setting organizations like the Institute of Electrical and Electronics Engineers and the International Telecommunication Union develop their intellectual property rights policies, which govern patent holders' RAND commitments, in accordance with two equally important goals. First, the process is designed to ensure that patent

---

[1] No party's counsel authored this brief in whole or in part. No party, party's counsel, or other person (other than *amici curiae* Nokia Corporation and Nokia USA Inc.) contributed money that was intended to fund preparation or submission of this brief.

holders receive adequate compensation for the use of their patents. Second, the process is meant to ensure that patents that are necessary to implement a standard are available to manufacturers wishing to produce standard-compliant products.

The District Court's analysis is problematic because it focuses on "widespread adoption" of industry standards as the goal of the system, in so doing ignoring the SSOs' stated goal of ensuring adequate compensation for patent holders and reducing incentives for companies to contribute their technology to industry standards in the first place. The District Court's analysis of the RAND royalty deviates from the traditional *Georgia-Pacific* factors in three primary ways which tilt the balance in favor of parties seeking to manufacture standardized technology. First, the Court modifies its analysis to account for the threat of "patent hold-up" and "royalty stacking," applying limits to RAND royalties without requiring evidence of the actual impact of these theoretical concepts. Second, the Court improperly applies an *ex ante* incremental value methodology for the valuation of standard-essential patents. Third, the District Court ignores comparable licenses categorically where the licenses in question involve the settlement of outstanding litigation or where they do not directly apportion royalties among licensed standards.

If the District Court's valuation methodology is adopted by other district courts in determining RAND royalty rates for standard-essential patents or in

adjudicating claims of patent infringement with respect to standard-essential patents, future patent holders will be less willing to contribute technology to industry standards, which will ultimately lead to lesser access to standardized technology on the part of equipment manufacturers and fragmented standards for consumers.

## CONCLUSION

*Amici* respectfully request that this Court grant this motion for leave to file the attached brief.

DATED:  September 22, 2014            Respectfully submitted,


                                      By:  *s/ Xavier M. Brandwajn*
                                           Xavier M. Brandwajn

                                           Attorney for *amici curiae* Nokia Corporation and Nokia USA Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2014, I electronically filed in searchable Portable Document Format the foregoing Motion for Leave to File as *Amici Curiae* with the U.S. Court of Appeals for the Ninth Circuit by using the CM/ECF system, thereby affecting service on all counsel of record.


DATED: September 22, 2014          *s/ Xavier M. Brandwajn*
                                    Xavier M. Brandwajn