

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| 1501 K STREET, N.W. | BRUSSELS | NEW YORK |
| WASHINGTON, D.C. 20005 | CHICAGO | PALO ALTO |
| (202) 736 8000 | DALLAS | SAN FRANCISCO |
| (202) 736 8711 FAX | FRANKFURT | SHANGHAI |
| | GENEVA | SINGAPORE |
| | HONG KONG | SYDNEY |
| | HOUSTON | TOKYO |
| | LONDON | WASHINGTON, D.C. |
| cphillips@sidley.com | | |
| (202) 736 8270 | FOUNDED 1866 | |

December 8, 2014

**By ECF**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

     Re:    *Microsoft Corporation v. Motorola, Inc. et al.*, No. 14-35393

Dear Ms. Dwyer:

     Pursuant to FRAP 28(j), Plaintiff-Appellee Microsoft Corporation submits the December 4, 2014 decision in *Ericsson, Inc. v. D-Link Sys., Inc*. (Fed. Cir.).

     *Ericsson* is a patent infringement case, in which Ericsson asserted patents subject to contractual RAND licensing commitments, like Motorola's patents here. D-Link argued that the jury was improperly instructed on the impact of those commitments on damages, and the Federal Circuit agreed, holding that the district court erred by:

> (1) failing to instruct the jury adequately regarding Ericsson's actual RAND commitment; (2) failing to instruct the jury that any royalty for the patented technology must be apportioned from the value of the standard as a whole; and (3) failing to instruct the jury that the RAND royalty rate must be based on the value of the invention, not any value added by the standardization of that invention—while instructing the jury to consider irrelevant *Georgia-Pacific* factors.

Slip op. at 56; *see id.* at 44-57.

     *Ericsson* declined to adopt a uniform framework for evaluating RAND royalties, instead directing lower courts to "consider the facts of record when instructing the jury" and "avoid rote

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.



Clerk of Court
December 8, 2014
Page 2

reference to any particular damages formula." *Id.* at 49-50. This refutes Motorola's suggestion that RAND disputes should be subject to a "uniform" standard. Motorola Br. 4.

 Moreover, *Ericsson* supports the RAND royalty determination and jury instructions here. In the context of RAND licensing commitments, "many of the *Georgia-Pacific* factors simply are not relevant; many are even contrary to RAND principles." Slip op. 47-48 (twice citing the RAND findings in this case). *See* ER1485-91; Microsoft Br. 41. Like the district court here, the Federal Circuit found it "necessary to ensure that the royalty award is based on the incremental value that the patented invention adds to the product, not any value added by the standardization of that technology." Slip op. 50-51. *See* ER1475-76; Microsoft Br. 7-8.

       Sincerely,

       s/ Carter G. Phillips

       Carter G. Phillips